IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


GREG PEARCE                                                    PLAINTIFF


vs.                              NO: 4:08CV00209 BSM

JOE POE, ET AL.                                               DEFENDANTS

### ORDER

Plaintiff brings this action seeking damages from Defendants Joe Poe, Dick Varnell, and

TXD Services, L.P. (collectively "Defendants") for fraud, detrimental reliance and retaliation.

Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P.

12(b)(3), and Fed. R. Civ. P. 12(b)(6).  Plaintiff has responded, and Defendants have replied.  For

the reasons set forth below, the motions are denied.

### I.  BACKGROUND

TXD Services, LP ("TXD") is a limited partnership which organized under the laws of

the State of Texas on January 17, 2006.  Defendants Poe ("Poe")  and Varnell ("Varnell") own

limited partnership equity interests in TXD, and are managing partners of TXD.  A managing

partner is the equivalent of an executive officer of the corporation.

In 2005 and 2006, Poe and Varnell spoke with Plaintiff about becoming an employee of

TXD. Defendants needed a direct contact to a company called Chesapeake Energy Corporation

(:"Chesapeake") to obtain natural gas drilling contracts for TXD in the Fayetteville Shale.

Plaintiff was to be that connection.   At the time of the discussions between Poe and Varnell,

Plaintiff was a resident of Oklahoma and was employed by SPS, located in Oklahoma.

Sometime in early 2006,  Poe and Varnell offered Plaintiff $165,000.00 in salary, a

drilling incentive payment equal to  $0.10 per linear foot for each foot drilled, 3 percent ownership interest in TXD businesses, as well as other benefits for Plaintiff to work for TXD and manage Defendants' operations   Plaintiff was to use his contacts with Chesapeake and other companies to provide TXD with drilling contracts and opportunities in the Fayetteville Shale. Plaintiff contends that Poe and Varnell insisted that Plaintiff and his wife move to Arkansas to keep a close eye on the daily operations of TXD's interests in the Fayetteville Shale.  In February 2006, Plaintiff and his son traveled to Arkansas to look for locations to build the TXD facilities and ultimately decided on Morrilton, Arkansas for the new facility.

From February 2006 to May 2006, Plaintiff had several meetings with Poe and Varnell regarding a written employment agreement.  TXD sent a written employment contract to Plaintiff in March, 2006, which Plaintiff did not sign.    In May, 2006, Plaintiff became employed by TXD.  Plaintiff was still a resident of Oklahoma at the time.

In July, 2006, ground was broken for a TXD facility in Morrilton, Arkansas.  Some time after that, Plaintiff and his family contracted with a Faulkner County, Arkansas builder to construct a new home in Conway.  Plaintiff notified Poe and Varnell of his plans to build the home and move to Conway, although Plaintiff still did not have a written employment agreement. Plaintiff contends that Poe and Varnell told Plaintiff not to worry about the lack of a contract and that Plaintiff should proceed with his plans.

Plaintiff continued to work for TXD in Oklahoma, Arkansas and Kansas, still without an employment contract. In late 2006, Plaintiff questioned TXD about its delivering rigs to Chesapeake which did not meet Chesapeake's requirements. Plaintiff claims that Poe then started to harass and berate Plaintiff for his questioning, including e-mail attacks on Plaintiff's ability as a

manager.  When it became clear to Plaintiff that the situation was not going to get better and that Poe was not going to stop his personal attacks on Plaintiff, Plaintiff left TXD on November 6, 2007.   Plaintiff filed this action on March 17, 2008.

## II.  DISMISSAL STANDARD

In considering a motion to dismiss for either lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must construe the facts in a light most favorable to the non-moving party, giving him the benefit of all reasonable inference.  *Radaszewski v. Telecom Corp.*, 981 F. 2d 305, 310 (8th Cir. 1992).  The complaint should be dismissed for failure to state a claim "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Frey v. City of Herculaneum*, 44 F. 3d 667, 671 (8th Cir. 1995) (citations and internal quotations omitted).

## III.  ANALYSIS

A.     Personal Jurisdiction

None of the defendants are citizens or residents of Arkansas.  They contend that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the court does not have personal jurisdiction over them.

"To survive a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." *Bell Paper Box, Inc. v. U. S. Kids, Inc*, 22 F.3d 816, 818 (8th Cir. 1994( (citation and internal quotations omitted). The Plaintiff "must state sufficient facts in the complaint to support a reasonable inference that the defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F. 3d 580, 585 (8th Cir. 2008).

"A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Morris v. Barkbuster, Inc.* 923 F.2d 1277, 1280 (8th Cir. 1991). "Because the long-arm statute of Arkansas confers jurisdiction to the fullest constitutional extent," the court's "inquiry is limited to whether the exercise of personal jurisdiction comports with due process." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).

"Due process requires 'minimum contacts' between the non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F. 3d 1100, 1102 (8th Cir. 1996) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). "The defendant's conduct and connection with the forum state must be such that defendant should 'reasonably anticipate being haled into court there.'" *Id*.

The Supreme Court has recognized two theories for finding personal jurisdiction: specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Colombia, S. A. v. Hall,* 466 U.S. 408, 414-415 (1984). : "General jurisdiction exists where the contacts between the defendant and the forum state are 'continuous and systematic' even if there is no relationship between the contacts and the cause of action." *Johnson v. Woodcock*, 444 F. 3d 953, 956 (8th Cir. 2006). Specific jurisdiction exists when the controversy is "related to" or "arises out of" the defendant's contacts with the forum state. *Id*.

The  Eighth Circuit has established a five-factor test to determine the sufficiency of defendant's contacts.  These are: :"(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest

-4-

of the forum state in providing a forum for its residents; and (5) convenience of the parties."
*Burlington Indus.*, 97 F. 3d at 1102.  The first three factors are of primary importance; the third
factor applies in the specific jurisdiction context.  *Steinbuch*, 518 F. 3d at 586.

It is clear that the court cannot exercise general jurisdiction over Defendants.   Plaintiff has
not demonstrated that any of their activities were systematic and continuous.

Moreover, Defendants argue that specific jurisdiction does not exist.  Varnell and Poe
claim that they did not do anything in Arkansas pertaining to Plaintiff's claims.  They assert that
all contacts connected with Plaintiff becoming employed by TXD occurred in Oklahoma where
Plaintiff was living at the time and Texas, where Defendants were located.

The complaint cannot be read so narrowly.  Plaintiff's allegations of fraud,  detrimental
reliance, and retaliation span his employment relationship with Defendants.  Plaintiff's claims are
based on an agreement between Plaintiff and Defendants to work in Arkansas; the gas drilling
contracts on which Plaintiff was hired to work were to be performed in Arkansas; the equipment
and operations center Plaintiff was supposed to manage was located in Arkansas; and Defendants
required Plaintiff to move from Oklahoma to Arkansas to perform his duties.  Poe and Varnell had
regular  communications with Plaintiff while he was working for them in Arkansas, including the
e-mails relating to Plaintiff's retaliation claim.

TXD has conducted some business in Arkansas pertaining to the drilling for oil and gas in
the Fayetteville Shale. It maintains an agent in the state for service of process.  It opened an
operations center in Morrilton, Arkansas, and employed persons to work in the Morrilton facility.

The court has considered the five factors set forth above.  The court finds that the contacts
Defendants had with Arkansas are significant and substantial.  They directly relate to Plaintiff's

causes of action arising from his employment relationship with Defendants.   While the fourth and fifth factors of the five-factor test are of less importance, the court finds that they weigh in favor of the court exercising personal jurisdiction over Defendants.  Certainly Arkansas has an interest in providing a forum for its residents to seek relief. Furthermore, based on the record, the court cannot find that Defendants would be inconvenienced by trying this case in Arkansas.  They conduct business and have  an operations center in Arkansas.  Thus, the court finds that it has personal jurisdiction over Defendants.

B.       Improper Venue

        Defendants argue that venue is improper under 28 U.S.C. § 1391(a).  They assert that venue is proper only where all Defendants reside, i.e., the United States District Court for the Northern District of Texas.  Venue, however, is proper where the defendants reside or where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(a)(2).  As discussed above, a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of Arkansas.  Thus, Defendants' motions to dismiss for improper venue are denied.

C.       Failure to State a Claim

        1.       Fraud/Detrimental Reliance:

        Defendants argue that Plaintiff's claim for fraud/detrimental reliance must be dismissed because he failed to plead the averments of fraud with particularity as required by Fed. R. Civ. P. 9(b).  The requirements of Rule 9(b) must be read in harmony with the principles of Rule 8 notice pleading.  *Abels v. Farmers Commodities Corp*.,   259 F.3d 910, 920 (8th Cir. 2001).

        Although a pleading alleging fraud need not provide anything more than notice of

> the claim, it must contain a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.. Thus, a plaintiff must plead such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.

*Schaller Tel. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (citations and internal quotations omitted).

Plaintiff's allegations of fraud are too general to meet the particularity requirement.  He states that Defendants made certain misrepresentations but he fails to identify when and where the statements were made, and the content of a number of statements.  For example, Plaintiff does not indicate when and how Poe and Varnell insisted that he move to Arkansas; when and how Poe and Varnell offered Plaintiff the position; and when and how Varnell and Poe told Plaintiff not to worry and proceed with his building plans.

The court, however, is not persuaded that the complaint should be dismissed for failure to comply with Rule 9(b).  Rather, the court will grant Plaintiff leave to amend his complaint to make specific allegations of fraud.  The amended complaint should be filed within fifteen days of the date of this Order.  *See Thomas W. Lyons, Inc. v. Sonus-USA, Inc.*, No, 07-4227, 2008 WL 185837, *4 (D. Minn.  Jan.16, 2008) (Plaintiff granted leave to amend pleadings to add sufficient facts to support its fraud claim; date for amending pleadings had not passed).

2. Retaliation

Defendants argue that Plaintiff's retaliation claim fails because the United States District Court for the Western District of Oklahoma found that the drilling rigs TXD provided Chesapeake were in compliance with the drilling rig contract terms.  This, however, is irrelevant to Plaintiff's

retaliation claim.  Plaintiff contends that when he complained to Defendants that they were not complying with Chesapeake's requirements, Defendants made Plaintiff's working conditions intolerable and forced him to resign.  Although, at this stage of the litigation, Plaintiff's retaliation claim seems as thin as an optical fiber, the court cannot find that Plaintiff's claim for retaliation should be dismissed.  *See Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 250 (1988) (constructive discharge exists when employer intentionally renders employee's working conditions intolerable and forces him to resign).

C.      Defendants' Motion to Transfer

Defendants request that the case be transferred under either 28 U.S.C. § 1406(a) or §1404(a).  Because the court has found that venue is proper in the Eastern District of Arkansas, transfer under § 1406(a) is not appropriate.  *See Wisland v. Admiral Beverage Corp.*, 119 F. 3d 733, 736 (8th Cir. 1997)(transfer permitted under § 1406(a) when venue is not proper).

Section 1404(a) provides that the court may transfer a case to any district in which it might have been brought "[f']or the convenience of parties and witnesses," and "in the interests of justice."  Considerable deference is to be given to a plaintiff's choice of forum and the defendant bears the burden establishing that a transfer is warranted.  *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F. 3d 688, 695 (8th Cir. 1997).  Other than arguing that Defendants are located in Texas, Defendants have presented no specific reasons to warrant transferring this case.

Plaintiff's claims arise from actions occurring in Arkansas.  Plaintiff was hired to oversee operations in Arkansas and Defendants have a facility in Arkansas, Defendants would not be unduly inconvenienced by having to travel to Arkansas.  In sum, the court finds that the balance of factors weights in favor of maintaining this action in the Eastern District of Arkansas.  The court

denies Defendants' request to transfer under §1404(a).

CONCLUSION

Accordingly, Defendants' motions to dismiss (Doc. Nos. 7 and 9) are hereby denied.

IT IS SO ORDERED this 19th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE